T.C. Summary Opinion 2006-29


UNITED STATES TAX COURT


RICHARD ORIN BERGE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7319-04S.          Filed February 21, 2006.


Richard Orin Berge, pro se.

<u>Mindy S. Meigs</u>, for respondent.


GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax of $3,346 for the taxable year 2000.

After concessions,[1] the issues for decision are: (1) Whether petitioner is entitled to a Schedule C car and truck expense deduction in excess of the amount allowed by respondent;[2] and (2) whether legal fees associated with the settlement of a legal action are ordinary and necessary business expenses properly deductible on Schedule C.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Los Angeles, California, on the date the petition was filed in this case.

Petitioner graduated from Southwestern University Law School in Los Angeles, California, in December 1998. Petitioner was admitted to the State Bar of California on July 26, 2000. Also, during taxable year 2000, petitioner became a certified public accountant in the State of California.

---

[1] Petitioner concedes that he is not entitled to deductions claimed on Schedule A, Itemized Deductions, of $3,255.

[2] Petitioner claimed a car and truck expense deduction of $5,126 on his 2000 Schedule C, Profit or Loss From Business. Respondent, in the notice of deficiency, disallowed $2,710 of the claimed Schedule C car and truck expense deduction. Thus, respondent allowed petitioner a car and truck expense deduction for taxable year 2000 of $2,416.

During taxable year 2000, petitioner was employed full-time as a consultant for Arthur Anderson, LLP.  As part of his employment with Arthur Anderson, LLP, petitioner traveled to various Arthur Anderson, LLP offices.

Also, during the year in issue, petitioner was a self-employed attorney/accountant.  Petitioner assisted clients with drafting documents for different types of transactions and provided tax return preparation, valuation, and assorted legal and paralegal accounting and tax consulting services (petitioner's business).

Petitioner drove about 13,980 business-related miles of which approximately 4,300 miles were for travel to the Chapman University Law School Library in the city of Orange in Orange County, California.  As previously stated, petitioner is an alumnus of Southwestern University School of Law.  The Southwestern University School of Law Library is located approximately 5 miles from petitioner's home.

In 1995, petitioner and Donna Lynn Wold (Ms. Wold) entered into an oral agreement, whereby Ms. Wold purchased a 1991 BMW 525i and then agreed to sell the vehicle to petitioner after he paid her a downpayment and made 60 monthly payments.

As a result of problems stemming from this oral agreement, petitioner filed a complaint against Ms. Wold in the Superior Court of the State of California for the County of Orange on

September 24, 1999, alleging breach of contract, fraud, conversion, defamation, and specific performance.  This case was docketed as Case No. 814944.  The complaint states, in pertinent part, as follows:

> Plaintiff [petitioner], an individual, comes now and alleges as follows:
>
> *    *    *    *    *    *    *
>
> First Cause of Action - Breach of Contract
>
> On or about June, 1995 Plaintiff [petitioner] and Defendant [Ms. Wold] entered into an agreement whereby Plaintiff agreed to purchase a 1991 BMW 525I (the "Vehicle") from the Defendant by tendering to Defendant a down payment on the Vehicle and by making sixty (60) monthly payments to Defendant, and Defendant agreed to sell said Vehicle to the Plaintiff by accepting said down payment and sixty (60) monthly payments.
>
> Pursuant to the agreement, Plaintiff was entitled to the exclusive use, possession, control, and ownership of the Vehicle subject only to Defendant's security interest in the Vehicle and a third party security interest in the Vehicle, said security interests to be discharged by Defendant's payment of the sixty (60) monthly payments to the third party.
>
> *    *    *    *    *    *    *
>
> As a proximate result of Defendant's failure to perform in accordance with the agreement, as herein alleged, Plaintiff has suffered monetary damages in an amount to be proven at trial.
>
> Second Cause of Action - Fraud
>
> *    *    *    *    *    *    *
>
> On or about June, 1995, Plaintiff and Defendant entered into an agreement wherein Defendant represented to Plaintiff that upon payment by Plaintiff of all amounts to be paid to Rockwell Federal Credit Union and Defendant under the purchase agreement for the Vehicle between Defendant and

Tilo's European Autohaus, that Defendant would transfer title to the Vehicle to Plaintiff.

At the time Defendant made this agreement with Plaintiff, Defendant intended [sic] keep the title to the Vehicle in the name of Defendant and not transfer title to the Vehicle to Plaintiff as was required per the terms of the agreement between Plaintiff and Defendant. Defendant has previously represented to Plaintiff that Plaintiff is the owner of the Vehicle, yet Defendant continues to refuse to execute any necessary documents to transfer title to the Vehicle to Plaintiff. Defendant never intended to transfer the Vehicle to Plaintiff per Defendant's earlier representations, instead Defendant has subsequently represented that Defendant always intended to demand the return of the Plaintiff's Vehicle upon payment in full of the liability for the Vehicle.

* * * * * * *

As a result of Defendant's fraudulent statements and acts and failure to transfer title per the agreement, plaintiff has suffered damages in the form of monies expended for the purchase, maintenance, and repair of the Vehicle which Defendant refuses to transfer to the Plaintiff.

Third Cause of Action - Conversion

* * * * * * *

On June 30, 1998, Defendant wrongfully took possession of said Vehicle and numerous items of Plaintiff's personal property contained inside said Vehicle, against Plaintiff's wishes and despite Plaintiff's objections. Defendant maintained exclusive possession and control of said vehicle and items of personal property, and refused to return same to Plaintiff until July 11, 1999.

* * * * * * *

Defendant's actions have caused Plaintiff to suffer damages, including lost work time, transportation costs, and other damages as a result of Defendant's deprivation of Plaintiff's ownership interest in said vehicle. Additionally, pursuant to California Civil Code Section 3336 Plaintiff is presumptively entitled to damages for the value of the converted property in the amount of $40,000.

Fourth Cause of Action - Defamation

*    *    *    *    *    *    *

On or about August 1, 1999, and on numerous occasions thereafter, Defendant made numerous statements concerning Plaintiff to Toni Arzate ("Arzate"), a close personal friend of Plaintiff's.  These statements were made to Arzate in the form of messages left for Arzate by Defendant, which were recorded and maintained in permanent form on magnetic tape.

The statements that Defendant made to Arzate imputed to Plaintiff characteristics of infidelity, dishonesty, criminal behavior, fraud, and other loathsome characteristics.  These statements exposed Plaintiff to hatred, contempt, and ridicule from Arzate, which has caused Plaintiff to be shunned and avoided by Arzate.  Said statements were made by Defendant in an attempt to damage Plaintiff's personal relationship with Arzate, and did damage said relationship because Plaintiff is involved in an intimate personal relationship with Arzate which has been damaged due to Defendant's libelous statements to Arzate.

*    *    *    *    *    *    *

Fifth Cause of Action - Specific Performance

*    *    *    *    *    *    *

Plaintiff's request for specific performance is necessary to ensure Plaintiff has an adequate remedy for Defendant's failure to transfer the vehicle per the agreement or June, 1995.

On January 13, 2000, Ms. Wold answered petitioner's complaint and filed a cross-complaint against petitioner for breach of contract, fraud, conversion, and for possession of personal property related to the sale of an automobile and loans of money.  Ms. Wold's answer and cross-complaint states, in pertinent part, as follows:

First Cause of Action - Breach of Contract

Plaintiff, Donna Wold, alleges that on or about 1995 through 1998 an oral agreement was made between Donna Wold and Richard O. Berge.

Plaintiff, Donna Wold, lent money to defendant, Richard O. Berge, and paid his expenses and debts on defendant's promise that he would repay said money lent and paid on behalf of and for the benefit of defendant.  Defendant was to repay said money lent and paid upon his graduation from law school.  Plaintiff is informed and believes and thereon alleges that defendant has graduated from law school and despite plaintiff's demand therefore, has failed and refused to repay the said money lent and paid by plaintiff on behalf of and for the benefit of defendant.

On or about February 2, 1999, the defendant breached the agreement by the following acts:  Defendant has failed and refused to repay the money lent to him and has failed and refused to repay the money paid by plaintiff on behalf of and for the benefit of defendant.

             *      *      *      *      *      *      *

Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement * * * as follows:  The sum of $50,978 lent to defendant and paid on behalf of and for the benefit of defendant.

### Second Cause of Action - Common Counts

Plaintiff, Donna Wold, alleges that defendant, Richard O. Berge, became indebted to plaintiff within the last four years for goods, wares, and merchandise sold and delivered to defendant and for which defendant promised to pay plaintiff the sum of the total of all payments according to proof on auto, for money lent by plaintiff to defendant at defendant's request, and for money paid, laid out, and expended to or for defendant at defendant's special instance and request.  [The amount of] $50,978 plus all payments owing on auto, which is the reasonable value, is due and unpaid despite plaintiff's demand, plus prejudgment interest according to proof.

### Third Cause of Action - Fraud

Plaintiff, Donna Wold, alleges that defendant, Richard O. Berge, on or about 1995 through 1998 defrauded plaintiff as follows:

Promise without intent to perform.  Defendant made a promise about a material matter without any intention of performing it as follows:

Defendant promised to repay plaintiff for money lent to him and paid for his benefit and on his behalf, by plaintiff.  Plaintiff would not have lent defendant money, nor paid money for his benefit if plaintiff had known that defendant did not intend to repay plaintiff.

Defendant was to repay plaintiff upon his graduation from law school.  Plaintiff is informed and believes that defendant has graduated from law school.  Defendant has failed and refused to repay plaintiff.

Plaintiff, Donna Wold, discovered defendant's intention not to perform within the last year.

In justifiable reliance upon defendant's conduct, plaintiff was induced to act as follows:

Plaintiff lent money to defendant and paid money for the benefit, and on behalf of, defendant in the total sum of $50,978.

Because of plaintiff's reliance upon defendant's conduct, plaintiff has been damaged in the sum of $50,978.

### Fourth Cause of Action - Conversion

Plaintiff, Donna Wold, alleges that defendant, Richard O. Berge, was the legal (proximate) cause of damages to plaintiff.  By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff on or about a date uncertain at this time, discovered within 1 year, at Orange County, California.

Defendant converted a coin collection belonging to, and in the custody and control of plaintiff.  Defendant converted said coin collection to his own use without the permission or consent or knowledge of plaintiff.  Defendant has failed and refused to return the coin collection to plaintiff or its reasonable value of $18,000 despite demand therefore.  Plaintiff is informed and believes and thereon alleges that defendant has sold the coin collection and has retained and/or spent the proceeds for his own use or benefit.

Plaintiff prays for damages in the sum of $18,000 and for exemplary damages pursuant to Exemplary Damages Attachment, page 9 of this Complaint, incorporated herein by this reference.

Fifth Cause of Action - Possession of Personal Property

* * * * * * *

Cross-complainant [Ms. Wold] is, and at all times herein mentioned, was, the owner and legal title holder, of a certain 1991 BMW 525I automobile valued at approximately $25,000.

Plaintiff [Ms. Wold] is entitled to the immediate and exclusive possession of the personal property, automobile, described above.

On, or about, 1995, cross-complainant deposited with cross-defendant [petitioner] the personal property, automobile, described above in consideration of an oral agreement that cross defendant make all monthly payments required under the purchase contract whereby cross-complainant purchased said automobile; that cross-defendant maintain comprehensive insurance on said automobile; that cross-defendant maintain the vehicle in good working order; and pay the annual registration fees and any other costs associated with the operation and maintenance of the automobile until all payments required under the purchase contract were made by cross-defendant.  Upon cross-defendants [sic] performance of all the foregoing terms, cross-complainant would transfer title of the automobile to cross-defendant.

Cross-defendant breached the agreement by failing to perform all terms of the agreement as aforesaid, to wit, cross-defendant has failed to make all payments required under the agreement; has failed to pay registration fees for the automobile, and has failed to maintain comprehensive insurance on the automobile at all times.

On June 28, 2000, petitioner and Ms. Wold agreed to mediation of their dispute.  On December 15, 2000, petitioner and Ms. Wold filed a Conditional Settlement Agreement and Stipulation For Entry Of Judgment (settlement agreement) with respect to Case

No. 814944.  The settlement agreement states, in pertinent part, as follows:

Whereas, the parties hereto desire to resolve all matters between them without further litigation, together with all claims, accounts, damages, demands and causes of action which said parties ever had, now have, or may have in the future arising from or in any way connected with the matters asserted in the action herein, or which could have been asserted in the action, including but not limited to a claim or cause of action of any kind not arising from or connected with the matters asserted in the action herein, together with any and all representations made in connection herewith by the parties;

THEREFORE, in consideration of the following covenants, obligations, and undertakings, it is hereby stipulated by and between the parties as follows:

1.  Judgment: Payment by Plaintiff [petitioner]. Defendant [Ms. Wold] shall have judgment in her favor and against plaintiff in the sum of Fifteen Thousand Dollars ($15,000), plus interest at the legal rate from entry of judgment, if any, in this action.  Defendant shall not have the Judgement entered so long as plaintiff pays to Defendant the following sum:

(a)  Six Thousand ($6,000) in Cash, Cashier's Check or Certified Funds on or before December 30, 2000;

(b)  In no event shall the Six Thousand Dollars ($6,000) be paid later than December 30, 2000, 5:00 p.m. without such later payment being deemed a default on the part of defendants, except by modification of this Stipulation in writing and executed by all parties hereto.

*    *    *    *    *    *    *

(d)  Provided that the payment and Letter pursuant to this Stipulation are received by defendant on or before December 30, 2000, defendant will provide plaintiff with an executed Request For Dismissal of her cross-complaint, with prejudice upon payment timely made and plaintiff will provide defendant with an executed Request For Dismissal of his complaint, with prejudice, and will execute a transfer

of title to plaintiff of the BMW automobile at issue in this litigation.

On or about January 30, 2001, petitioner filed his Form 1040, U.S. Individual Income Tax Return, for taxable year 2000. On Schedule C, Profit or Loss From Business, attached to the return, petitioner claimed a car and truck expense deduction of $5,126.[3] Petitioner also claimed, on Schedule C, a legal and professional service expense deduction of $6,000.

Subsequently, respondent determined that petitioner was not entitled to $2,710 of the claimed Schedule C car and truck expense deduction nor any portion of the claimed Schedule C legal and professional service expense deduction. Accordingly, respondent issued to petitioner a notice of deficiency determining a deficiency of $3,346 in petitioner's 2000 Federal income tax.

## Discussion

As a general rule, the determinations of the Commissioner in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving the Commissioner's determinations in the notice of deficiency to be in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). As one exception to this

---

[3]At trial, petitioner conceded, that due to a miscalculation, the proper amount of the car and truck expense deduction based on mileage traveled should have been $4,544 (this amount is rounded to the nearest dollar).

rule, section 7491(a) places upon the Commissioner the burden of proof with respect to any factual issue relating to liability for tax if the taxpayer maintained adequate records, satisfied the substantiation requirements, cooperated with the Commissioner, and introduced during the Court proceeding credible evidence with respect to the factual issue. Although neither party alleges the applicability of section 7491(a), we conclude that the burden of proof has not shifted to respondent with respect to any of the issues in the present case.

Deductions are a matter of legislative grace and are allowed only as specifically provided by statute, and, as previously stated, petitioner bears the burden of proving that he is entitled to the claimed deductions. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

1. Car and Truck Expenses

As previously stated, petitioner claimed a car and truck expense deduction of $5,126 on his 2000 Schedule C. However, as previously noted, at trial, petitioner conceded that due to a miscalculation the proper amount of the car and truck expense deduction that should have been claimed was $4,544; i.e., 13,980 miles at 32.5 cents per mile. Respondent, in the 2000 notice of deficiency, disallowed $2,710 of the claimed Schedule C car and truck expense deduction, allowing the remainder of $2,416.

Respondent contends that the disallowed portion of the deduction represents the miles driven by petitioner for personal reasons; i.e., to visit his family in Orange County, California, and, therefore, said travel was not an ordinary and necessary expense relating to his trade or business.

Petitioner maintained a contemporaneous trip sheet which established: (1) The trips taken by petitioner; (2) the starting point and destination of each trip; and (3) the specific mileage of each trip. The trip sheet establishes that petitioner drove 13,950 miles in taxable year 2000. Therefore, since petitioner satisfies all other substantiation provisions of section 274(d), the only issue for us to decide is whether the disallowed portion of the mileage was driven for business purposes.

As previously stated, respondent alleges that the disallowed mileage for trips taken by petitioner to the Chapman Law School Library for legal research and claimed on the trip sheet were for personal reasons; i.e., to visit his family in Orange County, and not for business reasons.

Petitioner testified in response to respondent's questioning that: (1) His family lived in Orange County; (2) approximately 60 of the trips or approximately 4,300 of the claimed miles on the trip sheet were to Chapman Law School Library, located in Orange County; and (3) there were law school libraries closer than Chapman Law School Library to petitioner's Arthur Anderson,

LLP office and his home in Los Angeles, California, one of which was the Southwestern University School of Law Library.  In other words, respondent argues that petitioner should have conducted his legal research at a law library that was closer to petitioner's home and work office than the Chapman Law School Library.  Respondent argues that, since the primary reason petitioner traveled to the Chapman Law School Library was to visit his family, the mileage associated with this travel is not deductible under section 262 as a personal expense.

Section 162(a) allows a deduction for ordinary and necessary business expenses paid or incurred during the taxable year in carrying on any trade or business.  For an expense to be "ordinary" the transaction that gives rise to the expense must be of a common or frequent occurrence in the type of business involved.  Deputy v. du Pont, 308 U.S. 488, 495 (1940).  To be "necessary" an expense must be "appropriate and helpful" to the taxpayer's business.  Welch v. Helvering, supra at 113-114.  The taxpayer bears the burden of demonstrating that the amount of the expenditure disallowed satisfies the requirements of section 162.  Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).  "The determination of whether an expenditure satisfies the requirements of section 162 is a question of fact."  Shea v. Commissioner, 112 T.C. 183, 186 (1999).

Petitioner testified, at trial, that the primary reason for his trips to Chapman Law School Library was to conduct legal research for his business clients. Further, petitioner testified that he found the Chapman Law School Library was superior to the libraries that were closer to his residence.

Upon the basis of the record in this case, we find that the primary purpose for petitioner's trips to Chapman Law School Library was to conduct legal research for his business clients, and, therefore, said travel is directly connected to petitioner's business. Petitioner's visits to his family, if such visits occurred, were a secondary consideration. We hold for petitioner on this issue, as modified by petitioner's concession at trial.

2. Legal Fees

At issue in the present case are legal fees of $6,000 for taxable year 2000 incurred by petitioner in connection with a lawsuit and its subsequent settlement.

Petitioner maintains that the legal fees are deductible by him under section 162 as ordinary and necessary business expenses relating to his sole proprietorship. Respondent, however, argues that the legal fees are nondeductible because the origin of the claim in the underlying action is personal and not proximately related to petitioner's business.

In order to be deductible on Schedule C, an expense must be directly connected with, or proximately result from, a trade or

business of the taxpayer.  See <u>Kornhauser v. United States</u>, 276 U.S. 145, 153 (1928); <u>O'Malley v. Commissioner</u>, 91 T.C. 352, 361 (1988).

The deductibility of the legal fees, in the present case, depends on the origin and character of the claim for which the expenses were incurred and whether the claim bears a sufficient nexus to the taxpayer's business or income-producing activities. See <u>United States v. Gilmore</u>, 372 U.S. 39 (1963).  The Supreme Court stated that "the origin and character of the claim with respect to which an expense was incurred, rather than its potential consequences upon the fortunes of the taxpayer, is the controlling basic test".  <u>Id.</u> at 49.  The origin of the claim test is factual, and the factors to be considered include:  (1) Allegations in the complaint; (2) the legal issues involved; (3) the nature and objectives of the litigation; (4) the defenses asserted; (5) the purposes for which the amounts claimed as deductible were expended; and (6) the background of litigation and all facts pertaining to the controversy.  <u>Boagni v. Commissioner</u>, 59 T.C. 708, 713 (1973).  Thus, in order for petitioner's legal fees to be deductible on his Schedule C, the origin of those legal services must have been rooted in his business.

In Case No. 814944, filed by petitioner on September 24, 1999, in the Superior Court of the State of California, County of

Orange, petitioner pleaded five causes of action.  Four of the causes of action (breach of contract, fraud, conversion, and specific performance) were related to an oral agreement between petitioner and Ms. Wold.  The fifth cause of action was brought for defamation, which allegedly resulted in damage to an intimate personal relationship between petitioner and another individual.

It is obvious from the allegations in the complaint and cross-complaint, the legal issues involved, the nature and objectives of the litigation, the background of the litigation and all facts pertaining to the controversy, that the origin of the lawsuit was of a personal nature and not proximately related to petitioner's trade or business.  Therefore, we sustain respondent's determination on this issue.

We have considered all of the other arguments made by the parties, and, to the extent that we have not specifically addressed them, we conclude they are without merit.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered
under Rule 155.